January 24, 1978

State Bar Grievance Administrator v Kopp. (Docket No. 59215.) Rehearing denied. *Eugene N. LaBelle,* Associate Counsel to State Bar Grievance Administrator. *Robert A. Steadman* for respondent-appellant. Reported at *ante,* p 74.

Moning v Alfono. (Docket No. 55669.) On order of the Court, it appearing that a question exists as to whether the cross-appeal of Joseph, Yvonne and Vincent Alfono was effectively decided by this Court's opinion and judgment order, both dated June 15, 1976, this supplemental order is issued.

It is hereby ordered that the part of the judgment of the Circuit Court for the County of Wayne, dated April 25, 1972, which determined there was no cause of action on the part of any cross-plaintiff against cross-defendants Joseph, Yvonne and Vincent Alfono is reversed and the cause is remanded to the Circuit Court for the County of Wayne for a new trial in conformity with the opinion filed herein, for the following reason.

It is clear upon the record, trial transcript pages 11–13, vol III, that there was an agreement and understanding among all of the attorneys for the parties to this cause and the trial judge that the trial court would issued one judgment order of no cause of action against the plaintiffs and against each and every defendant and cross-plaintiff. One explicitly stated purpose of this understanding and agreement was to avoid the result that any cross-claim could be, after and on account of appellate court action, in any different status than the other cross claims. This Court's judgment order, *inter alia,* reversed and thus set aside the trial court judgment of no cause of action against "each and every defendant and cross-plaintiff." On cross-appeal the Alfonos would have this Court, in effect, affirm the part of the trial court judgment which ordered that there was no cause of action against the Alfonos, leaving them protected against potential liability as cross-defendants on the new trial of this cause while other cross-defendants remain exposed to such liability. For the reason stated that relief is denied.

Reported at 400 Mich 425.

In the Matter of the Report of the Committee to Revise and Consolidate the Court Rules. On order of the Court, notice is given that the Supreme Court is considering the report of the Committee to