CITY NATIONAL BANK OF DETROIT v RODGERS &
MORGENSTEIN

Docket No. 86733. Submitted June 10, 1986, at Detroit. Decided
October 7, 1986. Leave to appeal applied.

City National Bank of Detroit filed an action in the Oakland
Circuit Court against Rodgers & Morgenstein, a partnership
comprised of lawyers, and Horace J. Rodgers and Gerald A.
Goray, individually, alleging negligent misrepresentation re-
garding defendant Rodgers' opinion concerning the authority of
certain managing partners of a partnership to which plaintiff
had extended a letter of credit. The trial court, David F. Breck,
J., granted summary disposition in favor of defendants, ruling
that plaintiff had failed to state a claim upon which relief could
be granted, no genuine issue of material fact existed and
defendants were entitled to judgment as a matter of law, and
the applicable period of limitations had expired on plaintiff's
claim. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court correctly ruled that plaintiff had failed to
establish any material misrepresentation of facts contained in
defendant Rodgers' opinion which would have presented a
prima facie case of negligent misrepresentation.

2. Plaintiff's reliance on defendant Rodgers' opinion was not
justifiable, in light of plaintiff's ability through its own counsel
to determine the authority of the partners it dealt with to bind
the partnership.

Affirmed.

NEGLIGENCE — NEGLIGENT MISREPRESENTATION — ATTORNEY AND
    CLIENT — ATTORNEYS' OPINIONS.

A plaintiff, in an action for negligent misrepresentation by an
attorney arising from the attorney's written opinion regarding
his interpretation of a contract, must prove a material mis-
statement of fact in the attorney's opinion, upon which plaintiff
relies to its detriment, in order to prevail.

REFERENCES

Am Jur 2d, Fraud and Deceit §§ 45-48.
See the annotations in the Index to Annotations under Attorney or
    Assistance of Attorney.

*Jaffe, Snider, Raitt & Heuer, P.C.* (by *Melanie LaFave*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Larry G. Mason* and *Gary J. Weston*), for defendant.

Before: DANHOF, C.J., and CYNAR and J. M. BATZER,* JJ.

PER CURIAM. Plaintiff appeals as of right from a July 8, 1985, order granting summary disposition and a July 17, 1985, order dismissing this negligent misrepresentation action. The trial court granted summary disposition based on plaintiff's failure to state a claim for which relief can be granted and/or the absence of a genuine issue of material fact such that defendants are entitled to judgment as a matter of law. MCR 2.116(C)(8) and (10). The trial court also granted summary disposition on the basis of the statute of limitations. MCR 2.116(C)(7). We affirm.

Plaintiff alleges that in 1975, as part of the final endorsement closing of an FHA-insured mortgage loan, it sought reassurance that certain managing partners of Westland Towers Apartments had authority to consent to the extension of a letter of credit the bank had issued in favor of the partnership. Plaintiff was aware that a dispute had arisen among the partners. Some partners declined to participate in or sign documents relating to the closing, including a request for extension of the letter of credit's expiration date. The partnership agreement was ambiguous concerning the authority of the managing partners to act without the concurrence of the other partners.

Plaintiff bank sought and received an opinion

---

* Circuit judge, sitting on the Court of Appeals by assignment.

letter from defendant Rodgers & Morgenstein (the law firm) acting as counsel for Westland Towers Apartments concerning the authority of the managing partners. The text of the opinion letter provided:

> Gentlemen:
>
> In connection with the execution of the documents pertaining to the Final Closing of the captioned Mortgage loan, you have requested our opinion as to the authority of the Managing Partners to execute the documents pertaining to same.
>
> I have reviewed the Westland Towers Apartments Articles of Partnership, dated June 9, 1972. Article 11 thereof specifically vests direct responsibility for the Management of the Partnership business in the Managing Partners, William B. Risman and Robert R. Risman.
>
> The execution of the closing documents and the actions taken by the Managing Partners to effect the final mortgage loan closing with J. M. Prentice Mortgage Company and the Department of Housing and Urban Development are normal and usual business functions for this type of partnership transaction, and are, therefore, in our opinion, within the authority vested in the Managing Partners by the aforementioned Partnership Agreement.

The first amended complaint further alleged that the law firm breached its duty to exercise ordinary care and "a level of expertise equal to that customarily exercised by attorneys in the Metropolitan Detroit area when giving similar opinions when it negligently made and delivered the erroneous opinion." It further alleged that the law firm's opinion was issued recklessly, without any knowledge of its truth and as a positive asser-

tion with the intention that plaintiff should rely upon it.

Defendant Horace J. Rodgers was retained by the partnership to interpret the partnership agreement when a dispute arose between two sets of individual partners before the final endorsement closing. Rodgers was asked to interpret the following apparently inconsistent provisions:

> 10. All contracts, agreements and other instruments to which the partnership may be a party shall be signed in the partnership name by any two of the following: William Risman, Robert Risman or Donald Horace, and Charles Granader or Harry Granader.
>
> 11. William Risman and Robert Risman are hereby designated as the managing PARTNERS in whom the parties hereto vest the direct responsibility for the management of the partnership business, including the right and power in their sole and uncontrolled discretion to . . . (b) borrow money for the partnership upon such terms and conditions as they may deem necessary in the conduct of the partnership business, and evidence such borrowing by the execution and delivery in the name of and on behalf of the partnership of promissory notes and other evidence of indebtedness.

According to the first amended complaint, a request to extend a letter of credit and the partnership's promissory note to cover any advances made under the letter of credit was among the documents required to complete the final endorsement closing. It was further alleged that plaintiff extended its letter of credit and honored appropriate sight drafts presented to it. Further, when plaintiff demanded payment from the partnership, its individual partners, and the individual guaran-

tors of the partnership's obligation, payment was refused.[1]

It is acknowledged that plaintiff possessed the partnership agreement and was aware of the apparent conflict between the pertinent provisions. Thus, these facts do not suggest an omission or concealment of facts from plaintiff by defendants.

A motion for summary disposition for failure to state a claim upon which relief can be granted tests the legal sufficiency of the pleading with all well-pleaded facts accepted as true. Summary disposition is warranted only if the claim is so clearly unenforceable as a matter of law that no factual development could justify a right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311; 343 NW2d 164 (1984), reh den 419 Mich 1201 (1984), cert den 469 US 833; 105 S CT 123; 83 L Ed 2d 65 (1984) [interpreting GCR 1963, 117.2(1), the predecessor of MCR 2.116(C)(8)]. In contrast, a motion for summary disposition based upon the absence of a genuine issue of material fact tests the factual support for a claim or defense. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972) [interpreting GCR 1963, 117.2(3), the predecessor of MCR 2.116(C)(10)]. The limited purpose of the motion is to determine whether a genuine issue of any material fact exists. *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965). The court must consider the affidavits, pleadings, depositions, admissions and documentary evidence filed in the action or submitted by the parties. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). The court must be satisfied that

[1] The liability of the partnership, the individual partners and the individual guarantors to plaintiff is the subject of a related lawsuit, *City National Bank of Detroit v Westland Towers Apartments,* 152 Mich App 136; 393 NW2d 554 (1986). The lawsuit enjoys a lengthy history. An application for leave to appeal was filed in the Michigan Supreme Court on July 17, 1986, for review of this Court's decision.

it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo, supra.*

The legal issue presented is whether plaintiff has stated a cause of action for negligent misrepresentation based on the opinion letter received and its detrimental reliance thereon. The trial court said no and reasoned that the misrepresentation must be based upon a material misrepresentation of fact and not upon an opinion. We agree.

Plaintiff does not cite and we find no legal authority in this jurisdiction presenting substantially similar circumstances to support plaintiff's argument.

Plaintiff attempts to analogize this case to *Williams v Polgar,* 391 Mich 6; 215 NW2d 149 (1974), in which the Court held that a cause of action in tort for negligent misrepresentation, arising out of an abstracter's contractual duty, runs to those persons an abstracter could reasonably foresee as relying upon the accuracy of the abstract. *Williams, supra,* p 22. The Court carefully noted that the cause of action was premised upon negligence in performing the title search, i.e., a misstatement of or a failure to include relevant items of record. *Williams, supra,* pp 21-22. The Court expressly stated that its decision did not convert an abstracter into a title insurer. *Id.* The Court noted that an abstracter was not responsible for a legal conclusion as to whether good title existed on the basis of the prepared abstract. *Williams, supra,* p 22, n 13.

We do not accept the analogy, because a distinction must be made between an abstracter's title search and the legal opinion issued in this case. The opinion of defendant Rodgers amounted to an expression of opinion in the exercise of professional judgment rendered upon facts (i.e., the part-

nership agreement provisions) fully disclosed and known to all. Unlike an abstract of title, the opinion did not constitute a summary of facts which could be checked against a record.

A similar distinction between a fact statement and a legal opinion appears to have been made in *Eisenberg v Gagnon,* 766 F2d 770 (CA 3, 1985), cert den sub nom *Wasserstrom v Eisenberg,* — US —; 106 S Ct 342, 343; 88 L Ed 2d 290 (1985), a case on which plaintiff mistakenly relies. The plaintiffs in that case, two investors in two limited partnerships, alleged that the offering memoranda, prepared by the defendants, were false and misleading with respect to underlying facts, (i.e., coal reserves and the feasibility of coal recovery). The offering memoranda included a tax opinion written by the defendant attorney and issued under the name of his law firm. In an alleged misrepresentation, the tax opinion stated that the IRS would allow the deduction of large advanced royalty payments by nonrecourse notes. Further, the memoranda contained a statement by the defendant accounting firm that the assumptions underlying the projections were "not unreasonable." *Eisenberg, supra,* p 773.

The plaintiffs alleged securities fraud and negligent misrepresentation, claiming that the defendant attorney had deceived them in a business transaction. In reversing the lower court's order granting a judgment notwithstanding the verdict and reinstating the jury verdict against the defendants, the court concluded that the jury had sufficient evidence "to conclude that [the defendant attorney] negligently misrepresented *the facts underlying the limited partnership* in statements that were specifically intended for the benefit and guidance of a limited class of prospective investors, including plaintiffs." *Eisenberg, supra,* p 780.

Thus, the plaintiffs' state-law claim of negligent misrepresentation rested upon misstatements of fact, and not an erroneous legal opinion.

Likewise we reject plaintiff's argument that its reliance upon the legal opinion was justifiable in light of defendant Rodgers' professional expertise. This is not a situation in which plaintiff was without special knowledge or without the ability to interpret the partnership agreement through its own legal counsel. Thus, this case is distinguishable from the situation in which an ordinary person deals in reliance upon an attorney's opinion on a point of law. Compare, *Rosenberg v Cyrowski*, 227 Mich 508; 198 NW 905 (1924). See, Prosser & Keeton, Torts (5th ed), § 109, pp 760-762.

Plaintiff categorically states that the claim is not one for legal malpractice, yet it refers us to several cases from other jurisdictions in which claims of malpractice or negligence were raised.

This decision should not be read as creating a special exception to *Williams v Polgar, supra,* for lawyers. Instead, we simply hold that no cause of action has been alleged by the circumstances presented here.

In light of our disposition of this issue, we do not need to consider the remaining issue regarding the statute of limitations.

Affirmed. Costs to appellee.