BOUMELHEM v BIC CORPORATION

Docket No. 168098. Submitted January 10, 1995, at Detroit. Decided May 26, 1995, at 9:00 A.M. Leave to appeal sought.

Mohamed Boumelhem, as next friend of Ibrahim Boumelhem and Franklin Gates, minors, brought a products liability action in the Wayne Circuit Court against Bic Corporation and others, seeking damages for injuries sustained by the minor plaintiffs as a result of a fire started by one of them with a disposable lighter designed and manufactured by Bic. The complaint alleged the following claims against Bic: negligent failure to warn, negligent design, negligent manufacture, breach of implied warranty, wilful and wanton misconduct, negligent misrepresentation, fraud, and intentional tort. The court, John H. Gillis, Jr., J., granted summary disposition for Bic. The plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court properly dismissed the claim alleging failure to warn. The manufacturer of a simple product has no duty to warn of potentially dangerous conditions or characteristics of the product that are readily apparent or visible upon casual inspection and reasonably expected to be recognized by the average user of ordinary intelligence. This Court is bound, pursuant to Administrative Order No. 1994-4, by the holding in *Adams v Perry Furniture Co (On Remand),* 198 Mich App 1 (1993), that a disposable lighter's manufacturer has no duty to warn children of the dangerous character of its lighters because a disposable lighter is a simple tool and reasonable minds could not differ with regard to the obvious character of the lighter's danger.

2. Because *Adams* is binding precedent, the trial court's

REFERENCES

Am Jur 2d, Products Liability §§ 342, 367-369, 373, 595.

Products liability:. duty of manufacturer to equip product with safety device to protect against patent or obvious danger. 95 ALR3d 1066.

Products liability: modern status of rule that there is no liability for patent or obvious dangers. 35 ALR4th 861.

Products liability: lighters and lighter fluids. 14 ALR5th 47.

grant of summary disposition for Bic with regard to the claim of negligent design must be affirmed. Were it not for the command of Administrative Order No. 1994-4, this Court would hold that, as a matter of law, Bic owed a duty to design its disposable lighters so as to eliminate any unreasonable risk of foreseeable injury to children.

3. The trial court properly granted summary disposition for Bic with regard to all the plaintiffs' other claims.

Affirmed.

White, P.J., dissenting in part, stated that even if Michigan courts adopt a rule that relieves manufacturers from any duty to design products so as to eliminate foreseeable, unreasonable risks when those risks are presented to an unintended, but foreseeable, user, the manufacturers should not be relieved from liability where the elements of wilful and wanton misconduct can be established. The plaintiffs sufficiently pleaded such a claim and provided factual support. Summary disposition should not have been granted with respect to the claim of wilful and wanton misconduct.

Gribbs, J., dissenting in part, stated *Adams* was correctly decided and that the trial court's grant of summary disposition was proper with regard to all the issues.

1. Products Liability — Duty to Warn — Simple Tools — Obvious Dangers — Ordinary Users.

The manufacturer of a simple tool has no duty to warn of potentially dangerous conditions or characteristics of the tool that are readily apparent or visible upon casual inspection and reasonably expected to be recognized by the average user of ordinary intelligence.

2. Products Liability — Duty to Warn — Simple Tools — Disposable Lighters.

A disposable lighter is a simple tool upon which reasonable minds could not differ with regard to the obvious character of its danger; the manufacturer of the lighter does not have a duty to warn children of the dangerous character of the lighter.

3. Products Liability — Disposable Lighters — Duty to Make Child Resistant.

Although it is foreseeable that children will handle a disposable lighter and might be injured in doing so, that risk of danger does not impose a duty on the manufacturer to make the lighter child resistant in light of the fact that the lighter is · intended to be sold to adults.

4. NEGLIGENCE — WILFUL AND WANTON MISCONDUCT.

A claim of wilful and wanton misconduct requires a showing that the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does; wilful and wanton misconduct is not a high degree of negligence; rather, it is in the same class as intentional wrongdoing.

*Keane & Keane, P.C.* (by *Christopher J. Keane*), for the plaintiffs.

*Vandeveer Garzia* (by *Thomas M. Peters, Bruce E. Pearce, Robert D. Brignall,* and *Pamela L. Abbott*), for Bic Corporation.

Before: WHITE, P.J., and GRIBBS and SMOLENSKI, JJ.

SMOLENSKI, J. In this products liability case, plaintiffs appeal as of right from the trial court order that granted summary disposition to defendant Bic Corporation (hereafter defendant) and dismissed plaintiffs' claims for damages for personal injuries. We affirm.

The minor plaintiffs, then aged four years and approximately one-half year, were injured in a fire allegedly started when the older plaintiff obtained and ignited a disposable lighter designed and manufactured by defendant.[1] The older plaintiff sustained burns on his legs below the knees; the younger plaintiff sustained severe burns over approximately eighty-five percent of his body. Plaintiffs' complaint alleged the following claims against defendant: negligent failure to warn, negligent design, negligent manufacture, breach of implied warranty, wilful and wanton misconduct, negligent misrepresentation, fraud, and intentional tort. Defendant moved for summary disposi-

---

[1] Defendant Bic Corporation is the only appellee in this appeal.

tion pursuant to MCR 2.116(C)(8) and (10) on the grounds that either it owed no duty to plaintiffs or plaintiffs' claims were not cognizable under Michigan products liability law. The circuit court granted defendant's motion. Plaintiffs argue that the circuit court erred in granting defendant's motion for summary disposition.

On appeal, we review the trial court's grant or denial of summary disposition de novo. *Mieras v DeBona,* 204 Mich App 703, 706; 516 NW2d 154 (1994); *Allstate Ins Co v Elassal,* 203 Mich App 548, 552; 512 NW2d 856 (1994). A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. All factual allegations supporting the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *ETT Ambulance Service Corp v Rockford Ambulance, Inc,* 204 Mich App 392, 395-396; 516 NW2d 498 (1994). However, a motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim. When deciding such a motion, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Allen v Keating,* 205 Mich App 560, 562; 517 NW2d 830 (1994). Summary disposition pursuant to MCR 2.116(C)(10) is proper when, except with regard to the amount of damages, there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Allstate, supra.*

Plaintiffs first argue that the trial court erred in dismissing their claim alleging failure to warn. We disagree. The manufacturer of a simple product

has no duty to warn of the product's potentially dangerous conditions or characteristics that are readily apparent or visible upon casual inspection and reasonably expected to be recognized by the average user of ordinary intelligence. *Glittenberg v Doughboy Recreational Industries (On Rehearing)*, 441 Mich 379, 385; 491 NW2d 208 (1992). Plaintiffs argue that summary disposition was improper because defendant's lighter is not a simple tool. However, this question was answered in *Adams v Perry Furniture Co (On Remand)*, 198 Mich App 1; 497 NW2d 514 (1993), lv den 445 Mich 900 (1994). In *Adams*, the plaintiff was the personal representative of the estates of four minors who died in a house fire; the fire was allegedly started by a disposable lighter manufactured by defendant Bic Corporation. *Id.* at 3, 9. The plaintiff's complaint included a claim that Bic failed to warn of the dangerous character of its lighter. *Id.* at 3. This Court affirmed the trial court's grant of summary disposition for Bic pursuant to MCR 2.116(C)(8) on the ground that Bic had no duty to warn children of the dangerous character of its lighters because a disposable lighter is a simple tool and reasonable minds could not differ with regard to the obvious character of the lighter's danger. *Id.* at 13. Accordingly, in this case, the trial court properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8).

Next, plaintiffs argue that the trial court erred in dismissing their claim alleging defective design. We agree. However, this issue is again controlled by *Adams*. Like this case, the plaintiff's complaint in *Adams* also included a claim of defective design against Bic Corporation that alleged that Bic owed a duty to design a child-resistant lighter because misuse of Bic's lighters by children was foreseeable and that Bic's disposable lighters were unreason-

ably dangerous products because the lighters were not designed with a child-resistant cap. *Id.* at 3, 13. The plaintiff maintained that "the issue [was] whether it was foreseeable to Bic that its lighters would be handled by children." *Id.* at 14. This Court disagreed and stated:

> The test in design defect cases concerning simple tools is whether the risks are unreasonable in light of the foreseeable injuries. *Owens* [v *Allis-Chalmers Corp,* 414 Mich 413, 425; 326 NW2d 372 (1982)]. The parties do not dispute that it is foreseeable that children will handle lighters and might injure themselves in doing so. However, we are not persuaded that the risk of this danger imposes a duty upon the manufacturer of the lighter to make it child-resistant in light of the fact that the product is intended to be sold to adults. See *King v R G Industries, Inc,* 182 Mich App 343, 346; 451 NW2d 874 (1990). Moreover, Bic placed a warning on its lighters to keep them out of the reach of children. We believe that the risk of danger to children is best obviated by the supervisory control of the product by its adult purchasers. We recognize the tragic loss of life under these circumstances. However, courts have never made sellers insurers of their products and thus absolutely liable for any and all injuries sustained from the use of those products. *Prentis v Yale Mfg Co,* 421 Mich 670, 682-683; 365 NW2d 176 (1984); See also *Glittenberg, supra,* p 388, n 8. Thus, we conclude that Bic does not have a duty to manufacture child-resistant lighters. [*Id.*]

Because *Adams* is binding precedent under Administrative Order No. 1994-4, we must affirm the trial court's grant of summary disposition for Bic with regard to plaintiffs' claim of negligent design. However, we disagree with *Adams* and follow it only because we are required to do so by Administrative Order No. 1994-4. We disagree with the

narrowing in *Adams* of the scope of defendant's duty in designing its lighters.[2]

The determination of duty is a question of law for the court to decide. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977), supplemental order 402 Mich 958 (1978). In a case alleging defective design, even one involving a simple tool, a manufacturer has a duty to design its product, not to make it accidentproof, but, rather, to eliminate any unreasonable risk of foreseeable injury. *Prentis, supra* at 681-682, 692-693; *Owens, supra.* The scope of this duty is owed not only to intended users but to persons who foreseeably misuse the product. *Glittenberg, supra* at 394; *Moning, supra* at 439; *Rutherford v Chrysler Motors Corp,* 60 Mich App 392, 399; 231 NW2d 413 (1975).

Once the question of duty has been determined, the question whether a defendant was negligent, i.e., whether the defendant breached its duty, is generally a question of fact. *Moning, supra* at 438. In a case alleging defective design, Michigan has adopted a pure negligence, risk-utility test for determining whether a defendant has breached its duty of care in designing a product. *Glittenberg, supra* at 394; *Prentis, supra* at 691; see also *Owens, supra.* In a case alleging defective design, the obviousness of the product's danger is merely one factor in the analysis of whether a design is reasonable. *Owens, supra.*

In this case, we believe that "there is no justification for departing from general negligence . . . principles merely because the dangers are patent." *Owens, supra* at 425. Even though adults are the intended users of defendant's lighters, it is foreseeable that children will be injured through misuse

---

[2] See also *Kirk v Hanes Corp of North Carolina,* 16 F3d 705, 711-713 (CA 6, 1994) (Ryan, J., dissenting); *Carlson v Bic Corp,* 840 F Supp 457, 462-467 (ED Mich, 1993); but see *Kirk, supra* at 710.

of defendant's disposable lighters.[3] We would hold that, as a matter of law, defendant owed a duty to design its disposable lighters so as to eliminate any unreasonable risk of foreseeable injury to children. Accord *Carlson v Bic Corp,* 840 F Supp 457, 464 (ED Mich, 1993); but see *Kirk v Hanes Corp of North Carolina,* 16 F3d 705 (CA 6, 1994). We would reverse the trial court's grant of summary disposition for Bic regarding plaintiffs' claim of defective design and remand to the trial court where the obviousness of the dangerous character of defendant's lighter properly could be considered in determining the factual question whether defendant breached its duty. We believe this analysis is consistent with the persuasive dicta by our Su-

---

[3] We note that Bic has conceded in other litigation that it is foreseeable that children will be injured by disposable lighters. See *Carlson, supra* at 464, n 2; *Adams, supra* at 14. In addition, we further note the following:

> Child play is . . . the major hazard associated with cigarette lighter fires. During 1980-1985 an average of 170 persons a year were estimated to have died in cigarette lighter fires. Of these, an estimated 120 died in fires started by children playing. . . . Most of the victims of child play fires were young children.

> \* \* \*

> The cigarette lighters were almost always disposable butane models.

> \* \* \*

> [O]ver 500 million disposable lighters are consumed annually in the U.S. . . . each lighter provides one thousand to two thousand lights. . . . [D]uring 1986-1988, an average of 8,100 fires per year were started by children playing with cigarette lighters. An average of 180 persons per year died in these fires and an additional 990 persons were injured. Of the 180 people who died each year, an estimated 140 were children less than five years old. On top of this number, there were 660 persons that were treated in hospital emergency rooms each year for injuries suffered in child play fires that were not attended by fire departments. The average annual cost of deaths, injuries, and property damage from child-play fires is estimated to be approximately $310-375 million dollars (assuming a statistical value of life of 2 million dollars), or about .60-.75 per lighter sold. [*Carlson, supra* at 465-467.]

preme Court in *Glittenberg* concerning the distinction between the analysis of claims of defective design and claims of failure to warn. See generally *Glittenberg, supra.*[4]

However, as noted *supra,* we are required to follow *Adams.* Accordingly, we reluctantly affirm the trial court's grant of summary disposition for Bic regarding plaintiffs' claim of negligent design pursuant to MCR 2.116(C)(8).

Plaintiffs argue that the trial court erred in granting summary disposition for Bic regarding their claims of negligent manufacture and breach of implied warranty. We disagree. Plaintiffs' claim of negligent manufacture alleged both a manufacturing defect, for which no evidence was produced, and a design defect. The claim regarding breach of implied warranty also alleged a design defect. Accordingly, the trial court properly granted summary disposition for the defendant regarding these claims pursuant to MCR 2.116(C)(8) and (10). *Prentis, supra* at 692, 695; *Adams, supra* at 14.

Plaintiffs argue that the trial court erred in granting summary disposition for the defendant regarding their claim of intentional tort. We disagree. Plaintiffs cite *Pesavento v E I DuPont De Nemours & Co,* 240 Mich 434, 437-438; 215 NW 330 (1927), in which our Supreme Court stated the then general rule and exception that a manufacturer is not liable to third parties not in privity for injuries caused by a defective product unless the manufacturer knew and failed to warn of the product's dangerousness. Our Supreme Court characterized the basis of liability under the exception

---

[4] We further disagree with the conclusion in *Adams* that Bic did not owe a duty to the plaintiffs, in part, because "Bic placed a warning on its lighters to keep them out of the reach of children." *Adams, supra* at 14. "A warning is not a Band-Aid to cover a gaping wound, and a product is not safe simply because it carries a warning." *Glittenberg, supra* at 397.

as an intentional wrong, rather than negligence, because knowledge is required. *Id.* at 438. Plaintiffs rely on this characterization for their argument that a claim of intentional tort exists in products liability actions. We find plaintiffs' reliance on *Pesavento* misplaced. In this case, defendant was under no duty to warn of the obvious character of the lighter's danger. *Adams, supra* at 13. Thus, the trial court properly granted summary disposition for the defendant regarding plaintiffs' claim of intentional tort under MCR 2.116(C)(8).

Moreover, we note that plaintiffs' claim of intentional tort is actually a claim for battery, i.e., that defendant put into motion its disposable lighter knowing with substantial certainty that it would cause a harmful contact to the minor plaintiffs against their will. See *Doe v Johnson,* 817 F Supp 1382, 1396 (WD Mich, 1993); Prosser & Keeton, Torts (5th ed), § 9, pp 39-42. However, plaintiffs presented no factual support for their claim that defendant marketed its lighter with the intent or substantial certainty that a harmful contact to these minor plaintiffs would result. Accordingly, the trial court also properly dismissed plaintiffs' claim of intentional tort based on battery pursuant to MCR 2.116(C)(10).

Plaintiffs argue that the trial court erred in dismissing their claims of negligent misrepresentation and fraud. We disagree. Both negligent and fraudulent misrepresentation require a plaintiff to prove a misrepresentation of fact. *Marrero v McDonnell Douglas Capital Corp,* 200 Mich App 438, 444; 505 NW2d 275 (1993); *City Nat'l Bank of Detroit v Rodgers & Morgenstein,* 155 Mich App 318, 323; 399 NW2d 505 (1986). A misrepresentation of fact may be shown where the defendant had a duty to disclose facts but suppressed them

instead. *In re People v Jory,* 443 Mich 403, 416; 505 NW2d 228 (1993).

In this case, plaintiffs argue that defendant negligently or fraudulently misrepresented that its lighters were safe because it failed to disclose the dangerous character of its lighters. However, defendant had no duty to warn of the dangerous character of its lighters. *Adams, supra* at 13. Plaintiffs also argue that defendant's marketing techniques, i.e., the slogan "Flick My Bic," the schoolboy mascot on the packaging of its lighters, and the bright, pastel colors of its lighters, negligently and fraudulently misrepresented that defendant's lighters are safe. An action for negligent misrepresentation or fraud cannot be grounded on these facts. Defendant did not advertise that its lighters would not produce a flame. Cf. *Scott v Harper Recreation, Inc,* 444 Mich 441, 453; 506 NW2d 857 (1993). Accordingly, the trial court did not err in dismissing plaintiffs' claims of negligent and fraudulent misrepresentation.

Last, we consider plaintiffs' claim of wilful and wanton misconduct. Wilful and wanton misconduct is not a high degree of negligence; rather, it is in the same class as intentional wrongdoing. *Burnett v City of Adrian,* 414 Mich 448, 455; 326 NW2d 810 (1982); *Citizens Ins Co v Lowery,* 159 Mich App 611, 616-617; 407 NW2d 55 (1987). An allegation that a defendant acted wilfully implies that

> the act was done with a set purpose to accomplish the results which followed the act. It involves more than negligence; it implies malice. [*Pavlov v Community Emergency Medical Service, Inc,* 195 Mich App 711, 716; 491 NW2d 874 (1992).]

Plaintiffs rely on *Bondie v Bic Corp,* 739 F Supp 346 (ED Mich, 1990), which held that the plaintiffs,

a family who sustained injuries in a fire started by a three-year-old child playing with a disposable lighter manufactured by the defendant, had stated a cause of action against the defendant for wilful and wanton misconduct. *Bondie, supra* at 352, relied on *Gibbard v Cursan*, 225 Mich 311; 196 NW 398 (1923), which set forth the elements necessary to state a cause of action for wilful and wanton misconduct:

> (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [*Gibbard, supra* at 322.]

In this case, plaintiffs' claim of wilful and wanton misconduct alleged that defendant had knowledge of the dangerous character of its lighters, that defendant had developed a design for a child-resistant lighter, and that defendant failed to use ordinary care in implementing this design when to the ordinary mind it must have been apparent that the result was likely to prove disastrous to plaintiffs. Plaintiffs argue that tailoring their claim verbatim to the *Gibbard* test is sufficient to withstand defendant's motion for summary disposition. We disagree.

In *Burnett,* our Supreme Court disapproved of the *Gibbard* test on the ground that it is "cast entirely in language of ordinary negligence until, in the third element, it is said that it must be shown that an injury 'is likely.' " *Burnett, supra* at 456. Our Supreme Court stated:

> If the three-prong test is read in the context of the instructive analysis which precedes it in *Gibbard,* it becomes evident that the rule of the case is that willful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does. [*Id.* at 455.]

In this case, plaintiffs have pleaded no more than ordinary negligent design. Cf. *Burnett, supra* at 456. Mere negligence cannot be cast as wilful misconduct simply for the purposes of bringing a complaint. *Pavlov, supra* at 716. This Court does not easily describe omissions to act as wilful and wanton misconduct. *Ellsworth v Highland Lakes Development Associates,* 198 Mich App 55, 61-62; 498 NW2d 5 (1993). Accordingly, the trial court did not err in dismissing plaintiffs' claim of wilful and wanton misconduct.

Affirmed.

WHITE, P.J. *(concurring in part and dissenting in part).* I agree that the circuit court correctly dismissed plaintiffs' claims regarding failure to warn, negligent manufacture, breach of implied warranty, intentional tort, negligent misrepresentation and fraud. I concur in Judge SMOLENSKI's discussion of the claim of defective design and share his view that *Adams v Perry Furniture Co (On Remand),* 198 Mich App 1; 497 NW2d 514 (1993), was incorrectly decided. I would, however, reverse the grant of summary disposition regarding the claim of wilful and wanton misconduct.

I would hold that even if the Michigan courts adopt a rule that relieves manufacturers from any duty to design products so as to eliminate foreseeable, unreasonable risks when those risks are presented to an unintended, but foreseeable, user,

the manufacturers should not be relieved from
liability where the elements of wilful and wanton
misconduct can be established. Plaintiffs suffi-
ciently pleaded such a claim and provided factual
support.[1]

Gribbs, J. *(concurring in part and dissenting in
part).* I agree with the opinion of Judge Smolenski
in all respects but one. I agree with the conclusion
reached. I write separately to indicate that, in my
view, this Court reached the correct result in
*Adams v Perry Furniture Co (On Remand),* 198
Mich App 1; 497 NW2d 514 (1993). I agree with
the holding in *Adams* that the defendant did not
breach its duty to the plaintiff. The *Adams* opinion
thoroughly and persuasively analyzed the most
recent opinion by the Michigan Supreme Court
(among others) and correctly affirmed the trial
court's grant of summary disposition for the defen-
dant of the plaintiff's claim of negligent design.
*Glittenberg v Doughboy Recreational Industries
(On Rehearing),* 441 Mich 379; 491 NW2d 208
(1992). See also *Glittenberg v Doughboy Recre-
ational Industries, Inc,* 436 Mich 673; 462 NW2d
348 (1990).

I would affirm, without reservation, the sum-
mary disposition for defendant Bic Corporation
with regard to all the issues.

---

[1] Plaintiffs contend, in effect, that Bic has long had knowledge that
children frequently obtain possession of its lighters and operate them,
igniting materials and causing fires, that Bic has also possessed the
means to safely, effectively, and inexpensively render its lighters
"child-proof," and that, nevertheless, Bic has withheld these devices
and has fought regulations requiring these devices. (Such regulations
were passed by the Federal Consumer Products Safety Commission in
1993). In my view, these allegations go beyond mere negligent design.
I also note that plaintiffs requested discovery in the trial court that
was not provided and that might provide further support for these
contentions.