# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS H. SCHOONBECK,

Plaintiff-Appellant,

v

CASEY J. KELLY, a/k/a CASEY JAMES
KELLY, NICHOLAS THOMAS
DONAJKOWSKI, and ROGER W. NIELSEN,

Defendants-Appellees.

UNPUBLISHED
February 10, 2015

No. 318771
Muskegon Circuit Court
LC No. 12-048517-NO

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Plaintiff, Thomas H. Schoonbeck, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendants, Casey James Kelly, Nicholas Thomas Donajkowski, and Roger W. Nielsen. Schoonbeck was injured when he struck a cable gate while riding a dirt bike on property that Nielsen had leased to Donajkowski and Kelly. The trial court ruled that the recreational land use act (the Act), 324.73301, barred Schoonbeck's claims. We affirm.

## I. FACTS

In September 2010, Schoonbeck was riding a dirt bike on Nielsen's property when he struck a cable gate that was suspended across a trail between two trees. According to Trooper Brian Cribbs's report of the incident, the cable was installed along a fairly straight section of the trail that had a "very slight curve" about 87 feet before where Schoonbeck struck it. A 10 x 14-inch sign that read "Private Property – No Trespassing" was attached to the middle of the cable. The sign faced the opposite direction from which Schoonbeck was traveling.

At his deposition, Nielsen testified that he had rented the property for hunting and recreational purposes to Donajkowski and Kelly at the time of the accident. A two-track trail traversed the property from the southwest to the northeast. In affidavits, various neighbors stated that the property did not have "no trespassing" signs and that they walked, rode bikes, and used motorcycles or snowmobiles on the property's trails. Nielsen testified that he had previously seen some evidence that people rode motorcycles or snowmobiles across the property. However, according to Nielsen and Donajkowski, there were "no trespassing" ribbons at the corners of the property and "no trespassing" signs along its borders.

-1-

Kelly testified that he was not aware that motorcycles or snowmobiles crossed the property, but he wanted to inform people that the property was private because it abutted state land. Donajkowski testified that he wanted to put a gate on the trail to stop traffic. Nielsen testified that Donajkowski asked to install a gate on the property and complained that people were trespassing on it with motorcycles and off-road vehicles.

According to Kelly, about a week after leasing the property, he and Donajkowski installed "no trespassing" signs and a cable gate with a "no trespassing" sign on it. They installed a cable gate because it was the easiest kind of gate to install. It was Kelly's first time on the property and Donajkowski's second time on the property. Donajkowski testified that the "no trespassing" sign faced outward from the property.

In August 2012, Schoonbeck filed this suit. He alleged claims of negligence and gross negligence against Nielsen, Donajkowski, and Kelly. In May 2013, Nielsen moved for summary disposition under MCR 2.116(C)(8) and (10). In pertinent part, Nielsen contended that the Act barred Schoonbeck's claims because Donajkowski and Kelly's act of installing the cable gate was not grossly negligent or malicious. Donajkowski and Kelly also moved for summary disposition, adopting Nielsen's arguments and further contending that they were not grossly negligent and did not commit willful or wanton misconduct. Schoonbeck responded that the Act did not apply and, even if it did apply, there were material questions of fact regarding whether Donajkowski and Kelly were grossly negligent or committed willful and wanton misconduct.

In a brief written opinion, the trial court granted the defendants' motions under MCR 2.116(C)(10). It determined that the Act barred Schoonbeck's claims. Schoonbeck now appeals.

II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Maiden*, 461 Mich at 120. A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

This Court reviews de novo issues of statutory interpretation. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). When interpreting a statute, our goal is to give effect to the intent of the Legislature. *Id*. at 665. The statute's language is the best indicator of the Legislature's intent. *Id*. If the language of a statute is unambiguous, we must enforce the statute as written. *United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 13; 795 NW2d 101 (2009). This Court should not read language into an unambiguous statute. *McCormick v Carrier*, 487 Mich 180, 209; 795 NW2d 517 (2010).

III. APPLICATION OF THE RECREATIONAL LAND USE ACT

First, Schoonbeck contends the Act does not apply because it is limited to premises liability causes of action. We disagree.

The Act provides that "a cause of action" generally does not arise from a nonpaying outdoor recreational user's use of an owner's land unless the user's injuries were caused by the owner's gross negligence or willful and wanton misconduct:

> Except as otherwise provided in this section, a cause of action shall not arise for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee. [MCL 324.73301(1).]

A cause of action is a "concurrence of facts giving rise to the obligation sought to be enforced against the defendant." *Davis v Kramer Bros Freight Lines, Inc*, 361 Mich 371, 376-377; 105 NW2d 29 (1960); also see *Black's Law Dictionary* (9th ed) ("A group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person.").

The plain language of the statute bars any cause of action, not only those causes of action that sound in premises liability. Had the Legislature wished to limit the statute to a narrower set of circumstances, it could have used the words "cause in action sounding in premises liability" rather than the more general term "cause of action." See *Neal*, 470 Mich at 665-666. It did not do so. We decline to read additional language into the statute and, therefore, we reject Schoonbeck's argument that the Act only applies to claims sounded in premises liability.

Second, Schoonbeck contends that the trial court erred by granting summary disposition because the Act does not apply to nuisance claims. "A public nuisance is an unreasonable interference with a common right enjoyed by the general public." *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 190; 540 NW2d 297 (1995). In this case, regardless of whether revoking an implied license to trespass constitutes a nuisance or whether the Act bars nuisance claims, Schoonbeck did not assert a nuisance claim in his complaint. He asserted only claims of negligence and gross negligence. Since Schoonbeck did not plead a nuisance claim, nor does he provide argument to support that the trial court erred by granting summary disposition on potentially meritorious claims that the plaintiff did not raise, we fail to see how he can be deemed to have addressed a nuisance claim. Moreover, we decline to make Schoonbeck's arguments for him. See *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479 (2008). Accordingly, we reject this assertion because Schoonbeck did not allege a nuisance claim.

## IV. GROSS NEGLIGENCE AND WILLFUL OR WANTON MISCONDUCT

Schoonbeck contends that the trial court erroneously granted summary disposition because there was a question of material fact regarding whether Donajkowski and Kelly's installation of the cable gate showed a deliberate indifference to the likelihood that an injury would result. We conclude that Schoonbeck did not show a genuine issue of material fact

regarding whether Donajkowski and Kelly acted with gross negligence or willful and wanton misconduct.

A person's conduct is grossly negligent if the person engages in "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Maiden*, 461 Mich at 123; *Xu v Gay*, 257 Mich App 263, 269; 668 NW2d 166 (2003). "Evidence of ordinary negligence does not create a material question of fact concerning gross negligence." *Maiden*, 461 Mich at 122-123. Willful and wanton misconduct occurs when the defendant acted "with a set purpose to accomplish the results which followed the act," which "implies malice." *Boumelhem v Bic Corp*, 211 Mich App 175, 185; 535 NW2d 574 (1995). "Willful and wanton misconduct is not a high degree of negligence; rather, it is in the same class as intentional wrongdoing." *Id*.

Even accepting Schoonbeck's assertions that Donajkowski and Kelly should have installed a gate at the other end of the property, faced a second sign inward on the gate, or informed the neighbors they were installing the gate, these allegations do not show a genuine question of material fact on the issue of gross negligence. An allegation that an actor could have done more or acted differently is not evidence of ordinary negligence, much less gross negligence. *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004). To be grossly negligent, a person must disregard precautions or safety in a way that suggests that he or she does not care about the welfare of others. *Id*. At best, Schoonbeck has only alleged that Donajkowski and Kelly could have done more. He has not provided any evidence that their actions showed a substantial lack of concern for whether an injury might result.

In contrast, Donajkowski and Kelly provided evidence that they did not act with a deliberate indifference of whether an injury could result from installing the cable gate. Donajkowski and Kelly installed a "no trespassing" sign near the entrance to the property and hung a "no trespassing" sign from the cable gate. They installed the cable gate and sign on a fairly straight area of the trail. They also installed additional "no trespassing" signs. These signs faced toward the road, the logical direction from which to expect traffic would approach the gate. We conclude that, viewing the evidence in the light most favorable to Schoonbeck, reasonable minds could not differ concerning whether Donajkowski and Kelly's action was so reckless that it showed a substantial lack of concern for whether an injury resulted. We conclude that the trial court did not err by granting summary disposition under MCR 2.116(C)(10).

## V. CONCLUSION

We conclude that the Act is not limited to premises liability actions. Further, we conclude that the trial court did not err by granting summary disposition under MCR 2.116(C)(10) when Schoonbeck provided no evidence from which a reasonable juror could conclude that Donajkowski and Kelly acted recklessly.

We affirm. As the prevailing parties, defendants may tax costs. MCR 7.219.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey

-4-