*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VALERIE ZOHR,

Plaintiff-Appellant,

v

MEIJER, INC.,

Defendant-Appellee.

UNPUBLISHED
February 28, 2019

No. 340512
Macomb Circuit Court
LC No. 2016-001605-NO

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Plaintiff, Valerie Zohr, appeals as of right the order of the trial court granting summary disposition in favor of defendant, Meijer, Inc., pursuant to MCR 2.116(C)(10). We affirm.

## I. FACTS

This case arises from plaintiff's claim that she was injured at defendant's store in Lenox, Michigan. Plaintiff was employed as a merchandiser for one of defendant's vendors, Serv-U-Success. Plaintiff testified that on the day in question, she was working at defendant's store and using a flat-top cart to stock merchandise. When plaintiff arrived that day, she selected the cart from the carts available, and as she had been trained to do, inspected the cart to make sure that the wheels and brakes worked properly. After determining that the cart worked properly, she loaded the cart with merchandise and took the cart onto the floor of the store where she used the cart to stock shelves, repeatedly climbing up and down the cart's ladder. Plaintiff testified that she used the cart without incident for at least two hours, and possibly as long as four or five hours; then, as she climbed down the ladder, the cart started to roll, causing her to lose her balance. As a result, she missed a step, her left knee scraped the second step, and her leg hit the floor and hyperextended. Plaintiff informed Gary Bulgarelli, a senior representative for Serv-U-Success, of her accident.

Bulgarelli recalled that on the day of plaintiff's fall he was working in the receiving area when plaintiff joined him and was doing some work. After about 10 or 15 minutes, she mentioned that she had slipped and banged her knee while stepping down from a cart, but did not appear to be hurt. Bulgarelli recalled that plaintiff thought that the cart's brake or lock had not

worked properly. Bulgarelli notified Don Cleland, market manager for Serv-U-Success, about plaintiff's injury. According to Cleland, plaintiff then showed him the cart she had been using. He tested the cart by pushing the ladder down and by manually engaging the lock by means of the foot pedal; the ladder and the lock both functioned properly.

The flat-top carts at defendant's store are owned and maintained by defendant. Defendant provides the carts for use by the employees of the store's vendors. Bulgarelli testified regarding how flat-top carts function. Stepping on the ladder activates the lock, which makes a clicking noise, locking the rubber feet on the ground so the cart cannot move. When the user steps off the ladder, the ladder "will pop back up," but the brake does not automatically release. Rather, the user must press the brake pedal with his or her foot to release the brake. Bulgarelli testified that in his experience, the brake on a cart never releases unless the brake pedal is first released. He further testified that even if the brake is not engaged, the ladder remains down and in place for as long as the user's weight is on the ladder; he opined that a cart would only move if the user lost his or her balance, and pushed the cart while falling.

Defendant's store director, Christina Buehrle, testified that if a cart were not working properly, it would be identified with a sign as out of order, and placed in the mechanic's room for repair. Plaintiff testified, however, that despite this maintenance policy, the carts were often in poor repair.

Plaintiff filed this action, alleging that defendant owed her a duty of care that it breached by failing to inspect and properly maintain the carts, resulting in her injury. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff had failed to demonstrate that defendant had breached any duty or that any such breach was the proximate cause of her alleged injuries. The trial court granted defendant's motion for summary disposition, concluding that it was the duty of Serv-U-Success to ensure that the carts were functioning and that its employees were using them properly, and not the duty of defendant. Plaintiff now appeals to this Court.

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). When reviewing an order issued under MCR 2.116(C)(10), this Court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id*. A genuine issue of material fact exists when reasonable minds could differ on an issue when the record is viewed in the light most favorable to the nonmoving party. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

### B. DUTY

Plaintiff first contends that the trial court erred in determining that defendant did not owe plaintiff a duty of care. To set forth a prima facie case of negligence, a plaintiff must

demonstrate that (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of those damages. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). The initial inquiry is whether the defendant owed the plaintiff a duty. *Johnson v Bobbie's Party Store*, 189 Mich App 652, 659; 473 NW2d 796 (1991). Whether a duty exists is a question of law for determination by the court. *Roberts v Salmi*, 308 Mich App 605, 613; 866 NW2d 460 (2014). If the defendant is determined to have owed a duty, breach of that duty generally is a question of fact. *Boumelhem v Bic Corp*, 211 Mich App 175, 181; 535 NW2d 574 (1995).

To ascertain whether duty exists, we consider a variety of factors including "the relationship of the parties, the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented," with the most important of these factors being the relationship of the parties. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 661; 822 NW2d 190 (2012) (citation omitted). The defendant can only be subject to liability for negligent conduct if the law recognizes that the relationship of the parties imposes a duty for the defendant to act with due care toward the plaintiff. *In re Certified Question from the Fourteenth Dist Court of Appeals of Texas*, 479 Mich 498, 506; 740 NW2d 206 (2007).

In this case, plaintiff was employed by a contractor that defendant hired to perform a task in defendant's store. Generally, an independent contractor is responsible for the safety of its employees in the workplace. *Candelaria v BC Gen Contractors, Inc*, 236 Mich App 67, 72; 600 NW2d 348 (1999). An owner may be held liable for negligence, however, if the owner retains supervisory control, in which case the focus is on the manner in which the owner acted, or failed to act, in relation to the safety of the injured party. *Id*. at 73-74. To establish liability of an owner under the theory of retained control, a plaintiff must prove that the owner failed to take reasonable steps within its supervisory authority to guard against readily observable and avoidable dangers, thereby creating a high degree of risk to a significant number of workers. See *Latham v Barton Malow Co*, 480 Mich 105, 112; 746 NW2d 868 (2008).

Plaintiff contends that defendant owed her a duty of care because defendant owned the carts and controlled their maintenance. There is no dispute that defendant owned and maintained the flat-top carts, nor that defendant provided the carts for use by Serv-U-Success employees while stocking shelves in defendant's store. But assuming that defendant therefore owed a duty to plaintiff under a theory of retained control, plaintiff has nonetheless failed to demonstrate that defendant breached that duty. Before the trial court, plaintiff introduced testimony that the carts often were in poor repair. There is no evidence, however, that the cart that plaintiff was using when she was injured presented a readily observable and avoidable danger. Plaintiff testified that she was trained to inspect each flat-top cart before using it, including checking the cart's locking mechanism, and that she would not use a cart that did not lock. Plaintiff testified that on the day of the incident, consistent with her training, she tested the cart before using it and determined that the locking mechanism was functioning properly. She then used the cart for several hours, and the cart functioned properly. Plaintiff testified that she did not know exactly how the cart worked mechanically, but that as she stepped down, the cart had moved forward, causing her injury. Afterward, a Serv-U-Success manager inspected the cart, tested the ladder and brake pedal on the cart, and was unable to identify any defect with the cart's performance. Although defendant arguably had control of the cart, based upon these facts, it cannot be said

that the cart in question presented a readily observable and avoidable danger. No one, including plaintiff, either before or after the accident, detected any defect or malfunctioning of the cart. Consequently, defendant was never placed on notice of a defect in the cart plaintiff used on the date of the accident. Plaintiff therefore did not demonstrate that defendant breached any duty of care to guard against readily observable and avoidable dangers.

Having concluded that defendant did not breach a duty of care to plaintiff, we need not reach the issue of proximate causation.

Affirmed.


/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola