RISTE v HELTON

Docket Nos. 73666, 73711. Submitted June 25, 1984, at Grand Rapids.
—Decided December 4, 1984.

Jerry S. Riste and his wife, Terri, separated, with Terri and their four children moving in with her mother, Eva Helton, in Helton's home. Rex Dunham also lived with Helton, having been her boyfriend for some 20 years. Ten days after Mrs. Riste and the children moved into the Helton home, Jerry Riste went to the house and requested to see his children. His request was denied, whereupon he entered the porch where the children were and started to pick up his son. In doing so, he noticed out of the corner of his eye that Rex Dunham was standing in the doorway leading into the house with a gun pointed at him. The gun discharged, wounding Riste in the abdomen. He filed a negligence suit against Eva Helton and Rex Dunham in Calhoun Circuit Court. The jury returned a verdict in favor of plaintiff, finding defendant Dunham liable in the amount of $27,000 and defendant Helton liable in the amount of $2,000. Dunham's motion for a new trial was denied, but defendant Helton's motion for a directed verdict, which had been taken under advisement during trial, was granted, James C. Kingsley, J. Defendant Dunham appealed from the trial court's ruling precluding him from introducing evidence of prior violent acts on the part of plaintiff of which Dunham was aware for the

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 6 Am Jur 2d, Assault and Battery § 158 *et seq.*
   Danger or apparent danger of great bodily harm or death as condition of self-defense in civil action for assault and battery, personal injury, or death. 25 ALR2d 1215.
[3] 6 Am Jur 2d, Assault and Battery § 228.
   29 Am Jur 2d, Evidence §§ 336, 337.
   Admissibility of evidence of character or reputation of party in civil action for assault or issues other than impeachment. 91 ALR3d 718.
   Admissibility of evidence as to other's character or reputation for turbulence on question of self-defense by one charged with assault or homicide. 1 ALR3d 571.
[4] 75 Am Jur 2d, Trial § 483.
[5] 57 Am Jur 2d, Negligence § 108.

purpose of showing that, at the time of the shooting, Dunham was in a state of great apprehension and feared that plaintiff would harm him and the other individuals in Helton's home, and plaintiff appealed from the trial court's order granting Helton's motion for a directed verdict. The appeals were consolidated. *Held:*

1. Defendant Dunham's sole defense was self-defense. He sought to introduce evidence of specific violent acts on the part of plaintiff not to prove plaintiff's violent character, but to show defendant's state of mind at the time of the incident. The trial court erroneously deprived Dunham of presenting evidence critical to his sole defense of self-defense. The judgment against Dunham is reversed and that part of the case is remanded for a new trial.

2. The trial court erroneously granted defendant Helton's motion for a directed verdict. Whether Helton was negligent in possessing the gun or in allowing Dunham to use it was a question for the jury. The directed verdict in favor of Helton is reversed and the jury's verdict in favor of plaintiff against Helton is reinstated.

Reversed and remanded for a new trial as to defendant Dunham only.

1. ACTIONS — CIVIL ACTIONS — DEFENSES — SELF-DEFENSE.

A defense of self-defense is available in a civil action.

2. ACTIONS — DEFENSES — SELF-DEFENSE.

A defendant, in order to prevail on a claimed defense of self-defense, must show that, under all the circumstances as they appeared to him at the time of the incident, he reasonably believed he was in danger of suffering death or great bodily harm.

3. EVIDENCE — SELF-DEFENSE — SPECIFIC ACTS OF VIOLENCE.

A defendant who claims self-defense in a civil action brought against him for the negligent shooting of the plaintiff may introduce evidence to show the defendant's state of mind or to show which party was the aggressor in the affray; evidence of prior specific acts of violence alleged to have been committed by the plaintiff would be probative of whether the defendant was afraid of the plaintiff and would be admissible upon the laying of a proper foundation that the defendant knew of the prior acts.

4. APPEAL — DIRECTED VERDICTS.

The Court of Appeals, in reviewing the granting of a motion for a directed verdict, is required to view the evidence and all

legitimate inferences drawn from that evidence in a light most favorable to the nonmoving party; if reasonable minds could not differ on the meaning of the evidence, the motion was correctly granted.

5. NEGLIGENCE — DANGEROUS INSTRUMENTALITIES — DUTY OF CARE.
The owner of a dangerous instrumentality is required to exercise a high degree of care when using or authorizing the use of the instrumentality.

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Martin R. Sturm*), for plaintiff.

*Early, Lennon, Peters & Crocker* (by *Ronald G. Tays*), for Eva Helton.

*John M. Jereck,* for Rex Dunham.

Before: R. M. MAHER, P.J., and BRONSON and G. R. McDONALD,* JJ.

PER CURIAM. This consolidated appeal arose out of a shooting incident which occurred on May 26, 1978. Ten days earlier, plaintiff Riste had separated from his wife, Terri. Terri, along with her four children, then moved into the house owned by her mother, defendant Helton. On the date in question, plaintiff Riste came to see his wife and children at the Helton home. When Terri refused to allow plaintiff to see his children, he began to walk into the house to pick up his son, Justin. Plaintiff looked up to see defendant Dunham holding a gun, pointed at plaintiff. The gun discharged and wounded plaintiff in the abdomen.

Plaintiff brought an action against defendants for negligence in possessing and discharging a firearm.[1] Following trial, the jury returned a verdict in favor of plaintiff, finding defendant Dun-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] In his complaint, plaintiff averred that to the best of his knowledge and belief, neither defendant intended to shoot plaintiff.

ham liable in the amount of $27,000 and defendant Helton liable in the amount of $2,000. Defendant Dunham subsequently filed a motion for new trial. The trial court denied defendant Dunham's motion, but granted defendant Helton's motion for a directed verdict which it had taken under advisement during the trial. Both plaintiff and defendant Dunham appeal as of right.

I

Prior to trial plaintiff moved to prevent defendant Dunham from introducing into evidence specific instances of conduct pertaining to plaintiff's violent character. The trial court ruled that evidence of plaintiff's reputation for violence was admissible only as it related to the reasonableness of the state of mind of defendant. The court further forbade the introduction of testimony on specific instances of conduct pertaining to plaintiff's alleged violent character unless such instances were directly connected with the episode that was the basis of the complaint.

In Docket No. 73666, defendant Dunham appeals from the trial court's ruling which precluded him from introducing evidence of prior violent acts on the part of plaintiff of which he (defendant Dunham) was aware for the purpose of showing that, at the time of the shooting, defendant Dunham was in a state of great apprehension and feared that plaintiff would harm him and the other individuals in Helton's home.

Defendant Dunham's sole defense was self-defense. A defense of self-defense is available in a civil action. *Kent v Cole*, 84 Mich 579; 48 NW 168 (1891). To prevail on his claim, defendant had to show that, under all the circumstances as they appeared to him at the time, he reasonably be-

lieved he was in danger of suffering death or great bodily harm. *Anders v Clover,* 198 Mich 763; 165 NW 640 (1917).

The trial court's ruling which precluded defendant from introducing evidence of specific instances of plaintiff's prior conduct was premised on a misunderstanding of MRE 404(b). MRE 404 deals with proof of a person's character or a trait of his character. In the instant case, defendant sought to introduce evidence of specific violent acts on the part of plaintiff *not to prove plaintiff's violent character,* but to show *defendant's* state of mind at the time of the incident.

This distinction was highlighted in *People v Cooper,* 73 Mich App 660; 252 NW2d 564 (1977), where the defendant, charged with murder, sought to introduce evidence of a specific act of violence on the part of the victim, *i.e.,* that the victim had shot defendant's brother, to show that at the time of the shooting, he (defendant) had reasonably apprehended serious bodily injury or death at the hands of his victim. In reversing the decision of the trial court, this Court acknowledged that evidence of the specific act to which the defendant attempted to testify would not be admissible as evidence of the victim's general reputation as a violent person under the rule of *People v Cellura,* 288 Mich 54, 64; 284 NW 643 (1939). The rule of *People v Cellura* is stated as:

"Proof of the violent and turbulent character of deceased is admissible in homicide cases where there is an issue of self-defense, as bearing upon whether the deceased was likely to be the aggressor in such an encounter. Proof of specific acts is not, however, admissible as evidence of violent character in such a case. Evidence of the character of deceased must be confined to his general reputation, and evidence of particular

acts of violence or lawlessness is not admissible unless they were directly connected with and involved in the homicide." *People v Cellura, supra,* p 64.

This Court noted that the fact that evidence of specific acts of violence by the victim would not be admissible to prove his general reputation for violence does not render proof of such acts inadmissible for any purpose. *People v Cooper, supra,* p 664.

The Court concluded that the prior specific acts of violence alleged to have been committed by the victim were probative of whether defendant was afraid of the deceased and would be admissible upon the laying of a proper foundation that the defendant knew of the prior acts. *People v Cooper, supra,* p 665. Such a conclusion did not run contrary to *People v Cellura, supra,* "since evidence of the deceased's specific acts of violence directed towards third persons, if known to the defendant at the time of the fatal encounter, would be 'directly connected with and involved in the homicide' ". *People v Cooper, supra,* p 666.

This Court's reasoning in *People v Cooper, supra,* is wholly applicable to the instant case. Defendant Dunham sought to introduce evidence that plaintiff had assaulted him in the past and other instances of assaultive behavior on the part of plaintiff of which defendant had personal knowledge for the purpose of showing defendant's state of mind at the time of the shooting. Neither the rule of *People v Cellura, supra,* nor MRE 404(b) prohibits the introduction of prior specific acts for such a purpose. The trial court erroneously deprived defendant Dunham of presenting evidence critical to his sole defense of self-defense. Accordingly, we reverse the judgment for plaintiff and remand this case for a new trial.

## II

In Docket No. 73711, plaintiff appeals from the directed verdict in favor of defendant Helton. In reviewing the granting of a motion for a directed verdict, this Court is required to view the evidence, and all legitimate inferences drawn from that evidence, in a light most favorable to the nonmoving party. *Ransford v Detroit Edison Co*, 124 Mich App 537, 542; 335 NW2d 211 (1983). If reasonable minds could not differ on the meaning of the evidence, the motion was correctly granted. *Id.*

Defendant Helton kept the loaded .38-caliber revolver in the top drawer of her bedside table. As the owner of a dangerous instrumentality, she was required to exercise a high degree of care when using the gun or authorizing its use. *Felgner v Anderson*, 375 Mich 23, 29-30; 133 NW2d 136 (1965).

Although the question was close, we think the trial court erroneously granted defendant Helton's motion for a directed verdict.[2] Although defendant Helton testified that she was not aware that Dunham had the gun in his hand until the shot was fired and that she in no way encouraged Dunham's use of the pistol, a reasonable trier of fact could have chosen to disbelieve Helton, particularly where other portions of Helton's testimony were inconsistent with Terri Riste's testimony. From the evidence showing that Helton had an opportunity to see the gun in Dunham's possession, a reasonable juror may have inferred that Helton had actually seen the gun but failed to take rea-

[2] Directed verdicts are particularly disfavored in negligence actions. *Cody v Marcel Electric Co*, 71 Mich App 714, 717; 248 NW2d 663 (1976), *lv den* 399 Mich 851 (1977).

sonable steps to prevent its use. Whether defendant Helton was negligent in possessing the gun or in allowing Dunham to use it was a question for the jury.

We reverse the directed verdict in favor of defendant and reinstate the jury's verdict in favor of plaintiff against defendant Helton. We remand this case for a new trial against defendant Dunham only.

Reversed and remanded.