KING v R G INDUSTRIES, INC

Docket No. 108982. Submitted November 21, 1989, at Detroit. Decided February 20, 1990.

Freddie King, Jr., sustained injury and Sammie Lee King died after being shot by a person wielding a cheap handgun commonly known as a "Saturday night special." Freddie King, Sr., as personal representative of the estate of the decedent, and Freddie King, Jr., brought an action in the Wayne Circuit Court against R. G. Industries, Inc., which manufactured and distributed the handgun, and several others. Plaintiffs alleged liability by R. G. Industries based on negligence and breach of implied warranty. The court, Richard D. Dunn, J., granted summary disposition in favor of R. G. Industries, ruling that plaintiffs had failed to state a claim on which relief can be granted. Plaintiffs appealed.

The Court of Appeals *held:*

1. The question whether a manufacturer or distributor of a Saturday night special should be held strictly liable for injuries inflicted by criminal misuse of such a firearm is best left to a determination by the Legislature in the exercise of its authority to regulate firearms.

2. In order to prevail on a products liability claim, whether based on negligence or breach of implied warranty, a plaintiff must show that the product was defective. Here, plaintiffs have failed to make such a showing. They have, therefore, failed to state a claim on which relief can be granted.

Affirmed.

1. WEAPONS — SATURDAY NIGHT SPECIALS — PRODUCTS LIABILITY.

The manufacturer or distributor of a cheap handgun commonly known as a "Saturday night special" may not be held strictly liable for injuries inflicted by criminal misuse of such a firearm.

2. PRODUCTS LIABILITY — NEGLIGENCE — IMPLIED WARRANTY.

In order to prevail on a products liability claim, whether based

REFERENCES

Am Jur 2d, Products Liability §§ 398, 590, 827, 828.

See the Index to Annotations under Products Liability; Weapons and Firearms.

on negligence or breach of implied warranty, a plaintiff must show that the product was defective.

*Becker & Van Cleef, P.C.* (by *Frank G. Becker*), for plaintiffs.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec* and *Steven L. Barney*), for defendant.

Before: WAHLS, P.J., and GRIBBS and SHEPHERD, JJ.

SHEPHERD, J. Plaintiffs appeal as of right from the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8).

Defendant is the manufacturer and distributor of handguns commonly known as "Saturday night specials." Plaintiff Freddie King, Jr., was rendered a paraplegic after being shot by a person wielding such a gun. Plaintiff Freddie King, Sr., is the personal representative of the estate of Sammie Lee King, who was murdered with the same gun used against her son. The perpetrator of these crimes had prior criminal convictions and a history of psychological problems.

It is plaintiffs' contention that defendant may be held liable for negligence and breach of implied warranty where Saturday night specials are used by criminals to harm people. We disagree and affirm the trial court's decision.

Plaintiffs request that this Court adopt the Saturday night special theory of liability as set forth in *Kelly v R G Industries, Inc,* 304 Md 124; 497 A2d 1143 (1985). The court in *Kelly* held that manufacturers and marketers of Saturday night specials may be held strictly liable for injuries inflicted by criminal misuse of the firearm. The *Kelly* court found that the Saturday night special

is particularly attractive for criminal use and is virtually useless for legitimate purposes.

We decline to adopt the *Kelly* cause of action for several reasons. The Michigan Legislature has enacted many statutes regulating the use of firearms. MCL 28.421 *et seq.*; MSA 28.91 *et seq.*, MCL 750.224(1); MSA 28.421(1), and MCL 750.227b; MSA 28.424(2). These statutes range from banning certain weapons to requiring registration of firearms. We are unwilling to interfere with the Legislature's exercise of authority in this area. To adopt plaintiffs' theory of liability would be to create judicial legislation.

There are numerous policy arguments both for and against the regulation of firearms and specifically the type of gun in question in this case. These arguments involve economic, political, and philosophical considerations, including whether placing the economic burden of crime on those who market a product that may lawfully be sold is likely to have a substantial impact on crime. In some analogous situations similar issues have been resolved against the merchants, e.g., sales of intoxicating beverages to visibly intoxicated persons, MCL 436.22 *et seq.*; MSA 18.993 *et seq.* However, in that situation the matter was resolved by the Legislature. We believe that body is the more appropriate forum in which to settle such questions.

Additionally, Maryland itself has repudiated the holding in *Kelly* through legislation. Md Ann Code, art 27.36I(h). Furthermore, courts in other jurisdictions which have considered this issue have consistently rejected the *Kelly* theory of liability. See *Delahanty v Hinckley,* 564 A2d 758 (DC App, 1989); *Caveny v Raven Arms Co,* 665 F Supp 530 (SD Ohio, 1987), aff'd 849 F2d 608 (CA 6, 1988); *Armijo v Ex Cam, Inc,* 656 F Supp 771 (D NM,

1987), aff'd 843 F2d 406 (CA 10, 1988); *Coulson v DeAngelo,* 493 So 2d 98 (Fla App, 1986); *Riordan v International Armament Corp,* 132 Ill App 3d 642; 87 Ill Dec 765; 477 NE2d 1293 (1985).

We also find that plaintiffs have failed to state a cause of action under recognized principles of Michigan products liability law. Plaintiffs allege both a negligence and a breach of implied warranty cause of action. Both causes of action require a showing that the product was defective. *Prentis v Yale Mfg Co,* 421 Mich 670, 683; 365 NW2d 176 (1984). Plaintiffs have failed to allege that the gun was functioning improperly at the time of its discharge. Thus, plaintiffs have failed to state a claim upon which relief can be granted. MCR 2.116(C)(8).

Plaintiffs' argument appears to be that products which work properly may be defective given the foreseeable misuse of the product. Plaintiffs rely on *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977), for this proposition. However, in *Moning* the issue was a manufacturer's liability for intentionally marketing sling shots directly to children, thereby creating an unreasonable risk of harm. Plaintiffs in this case have not alleged that defendants have intentionally marketed Saturday night specials to known criminals. Therefore, we find *Moning* to be distinguishable.

Affirmed.