RESTEINER v STURM, RUGER & COMPANY, INC

THOMAS v STURM, RUGER & COMPANY, INC

Docket No. 185069, 185116. Submitted September 12, 1996, at Lansing. Decided May 9, 1997, at 9:15 A.M. Leave to appeal sought.

Harold Resteiner, as personal representative of the estate of Kevin D. Lovett, in one action in the Genesee Circuit Court against Sturm, Ruger & Company, Inc., and Brent Walker and James and Anna Thomas, in another action in the same court against the same defendants, alleged negligence, gross negligence, and strict liability against Sturm, Ruger and negligence and strict liability against Walker in connection with the deaths of the plaintiffs' decedents, who were shot by Ronnie Jones with a .44 caliber handgun that was manufactured and sold to Walker by Sturm, Ruger and that was stolen by an unknown person from Walker's home. The actions were consolidated, and the court, Geoffrey L. Nethercut, J., granted summary disposition for the defendants with respect to all claims. The plaintiffs appealed, and the appeals were consolidated.

The Court of Appeals *held*:

1. For the reasons stated in *Buczkowski v McKay*, 441 Mich 96 (1992), and *King v R G Industries, Inc*, 182 Mich App 343 (1990), Sturm, Ruger is under no duty for which it could be liable for negligence in not limiting its marketing of the gun in question to segments of society, such as the police or the military, that are more able to secure and protect firearms than the public at large.

2. The theft and criminal misuse of a firearm are open and obvious dangers against which Sturm, Ruger owed no duty to warn purchasers.

3. The plaintiffs' claims against Sturm, Ruger of gross negligence and of failure to recall an ultra hazardous product are without merit under the rationale of *King, supra*.

4. Walker's possession of the handgun was not an abnormally dangerous activity for which he could be held strictly liable.

5. Walker had no duty to protect the decedents from harm in the absence of special relationships between Walker and the decedents and in view of the fact that the decedents were shot in a criminal assault by a third person.

6. Sturm, Ruger is entitled to sanctions on appeal. The plaintiffs' claims on appeal are not supported by any authority recognized in Michigan or any other jurisdiction; the plaintiffs have not advanced a reasonable, good-faith argument for the extension, modification, or reversal of existing law; and the plaintiffs' appeals are vexatious because they were taken without any reasonable basis for belief that there was a meritorious issue to be determined on appeal. The cases must be remanded for a determination and an award to Sturm, Ruger of actual damages and expenses, including reasonable attorney fees, incurred in defending against the plaintiffs' appeals.

Affirmed and remanded.

WHITE, P.J., dissenting in part, stated that Sturm, Ruger is not entitled to sanctions on appeal because the appeals were not taken for purposes of hindrance or delay, or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal.

1. PRODUCTS LIABILITY — HANDGUNS — MANUFACTURERS AND SELLERS.

The manufacturer and seller of a large-caliber handgun stolen from its owner is not liable for negligence to those injured or killed by such handgun in not limiting marketing of the handgun to those segments of society, such as the police or the military, that are more able to secure and protect firearms than the public at large.

2. PRODUCTS LIABILITY — HANDGUNS — MANUFACTURERS AND SELLERS.

Theft and criminal misuse of handguns are open and obvious dangers about which a manufacturer and seller of handguns does not have to warn purchasers.

3. NEGLIGENCE — HANDGUNS — OWNERS.

The possession of a handgun by its owner is not an abnormally dangerous activity for which the owner can be held strictly liable where the handgun is stolen and is used by another to injure or kill a person in a criminal assault.

4. NEGLIGENCE — HANDGUNS — OWNERS.

The owner of a handgun that is stolen from the owner is not liable for negligence in not protecting a person who is injured or killed with the handgun in a criminal assault by another in the absence of a special relationship between the handgun owner and the person injured or killed.

*Dean, Dean, Segar & Hart, P.C.* (by *Max Dean* and *Clifford H. Hart*), for Harold Resteiner and James and Anna Thomas.

*Cline, Cline & Griffin* (by *Glenn M. Simmington*), for Sturm, Ruger & Company, Inc.

*Braun Kendrick Finkbeiner P.L.C.* (by *Scott C. Strattard, Gregory E. Meter,* and *James Hecht Nisidis*), for Brent Walker.

Before: WHITE, P.J., and GRIFFIN and D. C. KOLENDA*, JJ.

GRIFFIN, J. In these consolidated cases, plaintiffs appeal as of right the circuit court's order granting defendants' motion for summary disposition dismissing all of plaintiffs' claims against defendants. We affirm.

We concur and join in all portions of Judge WHITE's opinion except section VI. Regarding the issue of sanctions, we find that plaintiffs' claims of appeal are not supported by any authority from Michigan, other jurisdictions, or recognized legal sources. As stated by defendant Sturm, Ruger & Company, Inc., in the introductory paragraph of its brief:

> The trial court was entirely correct in dismissing plaintiffs' respective complaints for failure to state any legally recognizable cause of action. Michigan courts have already repeatedly rejected plaintiffs' theories. *Buczkowski v McKay*, 441 Mich 96; 490 NW2d 330 (1992), reh den 441 Mich 1202; 491 NW2d 830 (1992); *King v R G Industries, Inc*, 182 Mich App 343; 451 NW2d 874 (1990); *Raines v Colt Industries, Inc*, 757 F Supp 819 (ED Mich, 1991). Additionally, plaintiffs' theories have been rejected in every state to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

consider them, as long ago as 1973 and as recently as August 2, 1995. See, e.g., *Bennet v Cincinnati Checker Cab Co*, 353 F Supp 1206 (ED Ky, 1973); *Forni v Sturm, Ruger, et al*, slip op No. 132994-94 (S Ct NY County, NY, 8/2/95). Plaintiffs' complaints simply ignore this clear precedent.

In light of this authority, as well as *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495; 418 NW2d 381 (1988), and *Scott v Harper Recreation, Inc*, 444 Mich 441; 506 NW2d 857 (1993), we conclude that plaintiffs have not advanced a reasonable, good-faith argument for the extension, modification, or reversal of existing law. MCR 2.114(D)(2). For these reasons, we hold that plaintiffs' appeals are vexatious because they were taken without any reasonable basis for belief that there was a meritorious issue to be determined on appeal. MCR 7.216(C)(1)(a). *Dillon v DeNooyer Chevrolet Geo*, 217 Mich App 163, 169-170; 550 NW2d 846 (1996); *Cvengros v Farm Bureau Ins*, 216 Mich App 261; 548 NW2d 698 (1996).

The motion by defendant Sturm, Ruger for sanctions on appeal is granted. Pursuant to MCR 7.216(C)(2), we remand to the circuit court for a determination and an award of defendant Sturm, Ruger's actual damages and expenses, including reasonable attorney fees, incurred in defending against plaintiffs' appeals.

Affirmed. Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

D. C. KOLENDA, J., concurred.

WHITE, P.J. (*concurring in part and dissenting in part*). In these consolidated cases, plaintiffs appeal as of right the circuit court's order granting defendants'

motion for summary disposition dismissing all of plaintiffs' claims against defendants. We affirm.

Kevin Lovett and James Thomas were both intentionally shot and killed by Ronnie Johns in Flint during the summer of 1991. In both shootings, Johns used a .44 caliber Redhawk revolver that was manufactured and sold by defendant Sturm, Ruger & Company, Inc. The Redhawk handgun was purchased by defendant Brent Walker and was stolen from Walker's home in Saginaw County in May 1991 by an unknown person.

Representatives of the victims filed actions against defendants. The suits were nearly identical and alleged that Sturm, Ruger was liable in negligence for selling the handgun to the general public with knowledge that the gun could foreseeably come into the hands of criminals who would create a high risk of harm to the general public. Plaintiffs further alleged theories of gross negligence, strict liability, and failure to recall an ultrahazardous product. Regarding defendant Walker, plaintiffs alleged that he was strictly liable for keeping the Redhawk gun unsecured at his residence and that he knew or should have known that the gun could be stolen and used by thieves.

The circuit court initially denied Sturm, Ruger's motion for summary disposition pursuant to MCR 2.116(C)(8), finding that the Redhawk was inherently dangerous because of its high power and that Sturm, Ruger owed a duty to warn the public of the gun's inherent danger. The trial court determined that summary disposition was not appropriate with respect to Walker because it found it significant that Walker pur-

chased such a powerful gun when other types of weapons could be used just as well for protection.

A different judge later determined that the court's previous denial of summary disposition constituted palpable error because the court considered facts not within the pleadings. The circuit court then granted defendants' motions for summary disposition pursuant to MCR 2.116(C)(8). The court determined that Sturm, Ruger had no duty to warn purchasers of the dangers of theft and criminal misuse of the firearm and no duty to limit marketing of firearms to segments of society able to secure and protect firearms, such as the police or military. The court reasoned that under Michigan law, the danger associated with firearms is considered "open and obvious" and that a firearm is considered a simple tool that does not require a duty to warn or protect against known or obvious dangers. Additionally, the court concluded that an act or omission by Sturm, Ruger could not have been a proximate cause of the deaths of the victims and that the concept of strict liability does not apply to plaintiffs' claims. With respect to defendant Walker, the court determined that he did not have a legal duty to refrain from possessing a legally purchased and registered weapon and that his purchase and possession of the gun was not the proximate cause of the victims' injuries.

I

Plaintiffs first contend that Sturm, Ruger was negligent for marketing its Redhawk revolver to members of the general public, such as Walker. We conclude the case is controlled by *Buczkowski v McKay*, 441 Mich 96, 106; 490 NW2d 330 (1992), and *King v R G*

*Industries, Inc*, 182 Mich App 343; 451 NW2d 874 (1990). Summary disposition was therefore proper.

## II

Plaintiffs next contend that Sturm, Ruger owed a duty to warn against the danger of theft of the Redhawk magnum. We disagree. In Michigan, the manufacturer of a simple product has no duty to warn of the product's potentially dangerous conditions or characteristics when they are readily apparent or visible upon casual inspection and reasonably expected to be recognized by the average user of ordinary intelligence. *Boumelhem v Bic Corp*, 211 Mich App 175, 178-179; 535 NW2d 574 (1995). The determination whether a danger associated with a product is open and obvious is objective. *Adams v Perry Furniture Co (On Remand)*, 198 Mich App 1, 12; 497 NW2d 514 (1993). The focus is on the typical user's perception and knowledge, and whether the feature that creates the danger is fully apparent, widely known, commonly recognized, and anticipated by the ordinary user. *Id.*, 13. Theft and subsequent use by a criminal are widely known, commonly recognized and unfortunate realities regarding which Strum, Ruger had no duty to warn. The court did not err in granting summary disposition.

## III

Plaintiffs also challenge the circuit court's dismissal of their gross negligence, recall, and ultrahazardous claims. We conclude that the rationale of *King, supra*, applies to these claims as well, and that dismissal was proper.

IV

Plaintiffs further contend that Walker is strictly liable for keeping an abnormally dangerous and ultrahazardous weapon in his home. Again, we disagree. Walker's possession of the firearm was not an abnormally dangerous activity. The abnormally dangerous activity in this case was the criminal use of the handgun by Ronnie Johns. Further, while Michigan law does require that Walker, as the owner of a dangerous instrumentality such as a firearm, exercise a high degree of care when using the firearm or authorizing its use, *Ruste v Helton*, 139 Mich App 404, 410; 362 NW2d 300 (1984), the imposition of strict liability for mere possession of such a weapon is a policy decision appropriately left to the Legislature. See *King, supra* at 345.

V

Plaintiffs lastly contend that Walker was negligent in possessing a handgun that could not safely be secured against theft. We conclude that the court properly dismissed this claim as well. Under the circumstances of this case, where there are no special relationships, and the victims were fatally injured in a criminal assault by a third person involving Walker's stolen weapon, Walker had no duty to protect the victims from harm.

VI

After oral argument, Sturm, Ruger filed a motion for sanctions on appeal, arguing that the appeal is vexatious under MCR 7.216(C)(1)(a). Under the circumstances that *Buczkowski* involved ammunition, rather than a firearm; plaintiffs here alleged claims in

addition to those rejected in *King*, which is not auto-matically controlling under Administrative Order No. 1996-4, because it was decided before November 1, 1990; the circuit court originally denied defendants' motions; and the circuit court's opinion regarding defendant Walker includes factual assertions although the motion was granted under MCR 2.116(C)(8), I do not conclude that the appeals were taken for pur-poses of hindrance or delay, or without any reason-able basis for belief that there was a meritorious issue to be determined on appeal, such that sanctions should be imposed.