NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0837n.06
Case No. 13-2225

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 06, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MELISSA A DOWNEY; TIMOTHY W. DOWNEY, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | |
| Defendant-Appellee. | ) ) ) | |

BEFORE: KEITH, BATCHELDER and STRANCH, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** This arose out of the foreclosure and sale of property in Michigan owned by Melissa A. Downey and Timothy W. Downey. The property was sold at sheriff's sale and title was conveyed by the buyer to Federal National Mortgage Association ("Fannie Mae"). After the sale was final and the redemption period had expired, Fannie Mae filed an action in state court to evict the Downeys. The Downeys counterclaimed, alleging several violations of Michigan law in connection with the foreclosure. Fannie Mae removed only the counterclaims to federal district court and filed a motion to dismiss. The district court granted Fannie Mae's motion. We AFFIRM.

**I.**

On May 26, 2006, the Downeys obtained a loan in the amount of $377,000.00 to purchase a home in Huntington Woods, Michigan. As collateral for the loan, the Downeys granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. ("MERS"). The mortgage was recorded with the Oakland County Register of Deeds on June 28, 2006. On August 23, 2010, MERS assigned its interest in the mortgage to BAC Home Loans Servicing, L.P. ("BAC"), which subsequently merged with and into Bank of America, N.A. ("BANA").

In 2010, the Downeys fell behind on their mortgage payments. After the parties could not reach agreement on a loan modification, BANA initiated foreclosure-by-advertisement proceedings. On December 15, 2011, BANA posted notice at the property that it would be sold at sheriff's sale on January 10, 2012. BANA also published notice of the sale in the Oakland County Legal News on multiple occasions. On the day of the sale BANA purchased the property, and BANA later conveyed the property to Fannie Mae via quit claim deed. The Downeys failed to exercise their right to redeem before the statutory redemption period expired on July 10, 2012.

On July 13, 2012, Fannie Mae filed suit in Michigan state court seeking to evict the Downeys from their home. The Downeys filed an answer to the eviction action and also asserted several counterclaims relating to the foreclosure of their property, and Fannie Mae moved to bifurcate the counterclaims and the eviction action. After the court granted Fannie Mae's motion, Fannie Mae removed the counterclaims to the United States District Court for the Eastern District of Michigan. On August 14, 2013, the district court granted Fannie Mae's motion to dismiss. The Downeys now appeal.

## II.

We review de novo a district court's order granting a Rule 12(b)(6) motion to dismiss. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). In reviewing the district court's order, we accept as true plaintiff's factual allegations, but we need not accept as true the plaintiff's legal conclusions. *See Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003).

## A.

The Downeys first argue that they have state-law standing to challenge the foreclosure post-redemption, and we agree. The Michigan Supreme Court recently clarified the legal standard for standing:

> [A] litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant.

*Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 792 N.W.2d 686, 699 (Mich. 2010). We addressed standing for individuals similarly situated to the Downeys in *Elsheick v. Select*

*Portfolio Servicing, Inc.*, No. 13-2100, 2014 WL 2139140, at *1 (6th Cir. May 22, 2014). There,

we held that a plaintiff who had failed to redeem his property within the statutory redemption

period had standing to challenge a foreclosure:

> Not only did [plaintiff] establish Article III standing in this case, he also established his standing under Michigan law, which requires only that a litigant identify a legal cause of action. Because Michigan courts have long held that a mortgagor may challenge the validity of a statutory foreclosure either through summary proceedings in the Michigan courts pursuant to Mich. Comp. Laws § 600.5714, or by filing a separate lawsuit, [plaintiff] has state-law, as well as Article III, standing.

*Id.* at *4 (internal citations and quotation marks omitted). Thus the Downeys have state-law

standing to challenge the foreclosure.

**B.**

The Downeys raise five grounds for finding that the district court erred when it granted

Fannie Mae's motion to dismiss: 1) the foreclosure is void because BAC, the foreclosing party,

did not exist when the foreclosure took place; 2) the foreclosure is void because there is no

record chain of title; 3) Fannie Mae was negligent in failing to evaluate the Downeys for a loan

modification; 4) the sheriff's deed was improperly recorded; and 5) Fannie Mae precluded the

Downeys from modifying their loan with BANA, and the Downeys had an unwritten agreement

with BANA to modify their loan. After reviewing the parties' arguments, we conclude that the

district court did not err by dismissing the Downeys' claims.

**1.**

The Downeys contend that the foreclosure is void because BAC was the foreclosing party

listed on the notice of foreclosure and BAC did not have standing to foreclose because it did not

exist when the foreclosure occurred. This, according to the Downeys, is a violation of the

Michigan statutory provision that "[a] party may foreclose a mortgage by advertisement if all of

the following circumstances exist: . . . (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." Mich. Comp. Laws § 600.3204(1)(d). This contention is without merit.

Under Michigan law, the mortgagor has six months after a foreclosure sale to redeem the property. *See* Mich. Comp. Laws § 600.3240(1), (8). Upon expiration of this statutory redemption period, the mortgagor loses all right, title, and interest in the property. *See* Mich. Comp. Laws § 600.3236; *see also Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). Further, "[o]nce the statutory redemption period lapses, [courts] can only entertain the setting aside of a foreclosure sale where the mortgagor has made a clear showing of fraud, or irregularity." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (internal citations and quotation marks omitted). A technical error is not sufficient to void a foreclosure sale. *See Guardian Depositors' Corp. of Detroit v. Keller*, 282 N.W. 194, 197 (Mich. 1938). Furthermore, for a purported defect to warrant setting aside a foreclosure sale, that defect must relate to the foreclosure procedure itself. *Elsheick*, 2014 WL 2139140, at *5.

Contrary to the Downeys' contention, it was BANA, and not BAC, that was the foreclosing party. BANA and BAC merged effective July 1, 2011, and the sheriff's deed and quit claim deed indicate that BANA subsequently exercised its right to foreclose on the property. The notice of foreclosure does not state that the foreclosing party was BAC, but simply states that MERS assigned the mortgage to BAC. And, BANA clearly had standing to foreclose. After a merger, "[t]he title to all real estate and other property and rights owned by each entity party to the merger are vested in the surviving entity." Mich. Comp. Laws § 450.1736(9)(b). Therefore BANA owned the Downeys' mortgage after the merger and had the power to initiate the foreclosure. *See* Mich. Comp. Laws § 600.3204(1)(d).

5

Even if we were to assume that the foreclosure proceeding was defective, however, the Downeys still cannot prevail. Citing *Davenport v. HSBC Bank*, 739 N.W.2d 383 (Mich. Ct. App. 2007), the Downeys argue that a defect in the foreclosure process makes the foreclosure itself void *ab initio*. But as the district court noted, *Davenport* has been abrogated by the Michigan Supreme Court's decision in *Kim v. JPMorgan Chase Bank*, *N.A.*, 825 N.W.2d 329 (Mich. 2012). In *Kim*, the Michigan Supreme Court held that

> defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*. . . . In this regard, to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [the Michigan statute]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute.

*Id.* at 337. In *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355 (6th Cir. 2013), we applied the framework from *Kim* to find that a plaintiff was not prejudiced by an alleged defect in a foreclosure proceeding.

> Even were the assignment from MERS to U.S. Bank invalid, thereby creating a defect in the foreclosure process under 600.3204(1)(d), Plaintiff has not shown that he was prejudiced. He has not shown that he will be subject to liability from anyone other than U.S. Bank; he has not shown that he would have been in any better position to keep the property absent the defect; and he has not shown that he has been prejudiced in any other way.

*Conlin*, 714 F.3d at 362.

Here, even if we found a defect in the foreclosure proceeding, that defect would not void the foreclosure unless the Downeys could show prejudice. *See Kim*, 825 N.W.2d at 337. The Downeys have failed even to allege prejudice—they have not pled facts to show how they would have been in a better position to preserve their interest in the property absent the alleged defect. The Downeys knew, moreover, that BANA had an interest in their mortgage because BANA contacted them several times offering to modify their loan.

6

**2.**

The Downeys next contend that the foreclosure is void because there was no record chain of title showing BANA's ownership interest. Michigan Compiled Laws § 600.3204(3) states: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." BANA obtained its interest in the Downeys' mortgage after it merged with BAC, and the assignment was not recorded.

The Downeys argument is meritless. Under Michigan law, when an interest in a mortgage is transferred through merger there is no need to record the assignment in order for the surviving entity to have authority to foreclose. *See Gregory v. CitiMortgage, Inc.*, 890 F. Supp. 2d 791, 799–800 (E.D. Mich. 2012) (discussing Michigan cases and concluding that there is no need to record the assignment after a merger in order to foreclose). The Downeys cite to broad language in *Kim* and to *Sobh v. Bank of America, NA*, No. 308441, 2013 WL 2460022, at *1 (Mich. Ct. App. Jun. 6, 2013) in support of the assertion that BANA should have recorded its interest in the Downeys' mortgage before it foreclosed. *Kim* and *Sobh* do not address recording requirements in the context of a merger, however, and *Gregory* makes clear that under Michigan law assignments in the context of a merger need not be recorded for the surviving entity to exercise its right to foreclose. *See Gregory*, 890 F. Supp. 2d at 799–800.

**3.**

The Downeys argue that Fannie Mae was negligent because it failed to evaluate the Downeys for a loan modification under the federal Home Affordable Modification Program ("HAMP") before initiating foreclosure proceedings. HAMP is a federal loan modification program designed to "help financially struggling homeowners avoid foreclosure by modifying

loans." *Vasilakis v. Trott & Trott, P.C.*, No. 306122, 2012 WL 5854363, at \*6 n.1 (Mich. Ct. App. Nov. 15, 2012) (internal citations and quotation marks omitted). While the district court dismissed the Downeys' negligence claim because it did not believe that Michigan law recognized a negligence claim based upon a HAMP violation, we find a more fundamental problem with the claim: the Downeys have sued the wrong entity.[1] Under Michigan law, the elements of a negligence claim are "duty, breach of that duty, causation, and damages." *Brown v. Brown*, 739 N.W.2d 313, 317 (Mich. 2007). Duty is "the legal obligation to conform to a specific standard of conduct in order to protect others from unreasonable risks of injury." *Lelito v. Monroe*, 729 N.W.2d 564, 566 (Mich. Ct. App. 2006). Because BANA, not Fannie Mae, was the foreclosing entity and because Fannie Mae was never a party to the loan agreement and obtained an interest in the property only after the foreclosure sale, Fannie Mae had no legal duty to the Downeys that it could have breached. The district court did not err by dismissing the Downeys' claim against Fannie Mae.

The Downeys also assert that Fannie Mae's failure to evaluate them for a HAMP loan modification is a defense to foreclosure. As a preliminary matter, the Downeys did not raise this argument to the district court, and we have repeatedly declined to consider on appeal arguments that were not presented to the district court. *See, e.g.*, *Jolivette v. Husted*, 694 F.3d 760, 770 (6th Cir. 2012) ("[W]e will not review issues if they are raised for the first time on appeal . . . ."); *Barnett v. Luttrell*, 414 F. App'x 784, 789 (6th Cir. 2011) ("Because [Plaintiff] did not advance this argument below, we may not consider this claim."). Moreover, the Michigan state court bifurcated the Downeys' counterclaims from Fannie Mae's eviction suit; only the counterclaims

---

[1]"[W]e are not confined to the grounds relied on by the district court in affirming the court's dismissal; rather, we may affirm the district court's dismissal of [the plaintiff's] claims on any grounds . . . ." *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007).

were removed to the district court; and this appeal involves the district court's disposition of the Downeys' counterclaims.

**4.**

The Downeys allege that the sheriff's deed was illegally recorded in violation of Michigan Compiled Laws § 600.2907a(1) because BAC did not possess an interest on which it could foreclose. Section 600.2907a(1) states that "[a] person who . . . by encumbering property through the recording of a document without lawful cause with the intent to harass or intimidate any person is liable to the owner of the property encumbered."

As previously discussed, BANA, not BAC, foreclosed on the property, and BANA's foreclosure was proper under Michigan law. Further, Section 600.2907a(1) does not apply to the recording of a sheriff's deed. *See Vanderhoof v. Deutsche Bank Nat. Trust*, No. 12-10305, 2013 WL 784648, at *7 (E.D. Mich. Mar. 1, 2013). Finally, the Downeys have not alleged any facts that would evidence BANA's intent to harass or intimidate, as required by § 600.2907a(1).

**5.**

The Downeys argue that they had a valid, unwritten contract to modify their loan with BANA and that Fannie Mae prevented them from obtaining a loan modification. As evidence of the contract they point out that they gave BANA a check for over $14,000. The Downeys' arguments are meritless. First, the Downeys have pled no facts to support the claim that Fannie Mae somehow precluded them from obtaining a loan modification from BANA. Second, it appears that the Downeys have once again sued the wrong entity. They cannot sue Fannie Mae to vindicate their rights under an alleged contract with BANA because Fannie Mae was not a party to that alleged contract. And under Michigan law an agreement to modify a loan must be

9

written. *See Vasilakis*, 2012 WL 5854363, at \*5. The district court did not err by dismissing the

Downeys' claims.

## III.

For the foregoing reasons, we AFFIRM the order of the district court.