# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FIDEL LEVIS LOPEZ,

Defendant-Appellant.

UNPUBLISHED
March 13, 2018

No. 336787
Kent Circuit Court
LC No. 16-000752-FH

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his conviction for assault with intent to do great bodily harm less than murder, MCL 750.84. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a mandatory 25 to 50 years of imprisonment with sentence credit of 364 days. We affirm.

## I. BACKGROUND

This case involves an assault in Grand Rapids, Michigan. On November 16, 2015, an officer with the Grand Rapids Police Department was dispatched to the scene and observed "a black man on the west side of the sidewalk" with a "Hispanic female hovered above him." The Hispanic woman was rendering aid to the man who was severely injured. The man, who was later identified as the victim, had a large knife sticking out of the backside of his skull and a large laceration in his upper left chest region. After the ambulance arrived and departed with the victim to the hospital, the responding officers found a knife blade located at the scene in the parking lot.

Defendant testified at trial that he stabbed the victim. Specifically, defendant admitted that he intentionally concealed two knives, approached the victim from behind, and stabbed the victim in the back of the head and chest so hard that the handles broke off. The victim resided near defendant's boyfriend, and the victim and defendant had at least one prior physical altercation. Defendant testified that he attacked the victim because the victim had disciplined harshly and otherwise treated badly the boyfriend's adopted son. At the time of the attack, the son was inside his father's home, while the stabbing itself took place in the victim's yard.

-1-

Defendant was found guilty by the jury and sentenced as noted earlier. At the time of his conviction, defendant had several prior offenses, including two armed robberies, an attempted escape from incarceration, and an assault. Given this, he was sentenced as a fourth-offense habitual offender. Absent the habitual-offender aspect, his guidelines sentence would have been 29 to 114 months. Instead, because he was a fourth-offense habitual offender, the trial court sentenced defendant to 25 to 50 years of imprisonment under MCL 769.12.

Defendant now appeals.

## II. ANALYSIS

*Defendant's Sentence Is Not Unconstitutional.* Defendant first argues that his sentence violates the separation of powers between the Judiciary and the Legislature. He makes a related argument that the length of his sentence is unconstitutional because it is cruel and unusual. We reject both claims.

The constitutionality of a statute is reviewed de novo. *People v Garza*, 469 Mich 431, 433; 670 NW2d 662 (2003). "Statutes are presumed to be constitutional, and the courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011) (internal citation and quotation marks omitted). "[T]he party challenging the constitutionality of a statute has the burden of proving its invalidity." *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009). Unpreserved sentencing errors are reviewed for plain error affecting substantial rights. *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005).

With respect to the separation of powers, we note that by enacting MCL 769.12(1)(a), the Legislature properly exercised its authority, vested in it by Const 1963, art 4, § 45, to provide penalties for criminal offenses, and in particular to set punishment for fourth-offense habitual offenders who have previously committed certain offenses and who subsequently commit serious crimes. The fact that, in so doing, the Legislature removed the Judiciary's discretion to impose a lesser sentence under such circumstances does not render the statute unconstitutional. See *People v Hegwood*, 465 Mich 432, 440; 636 NW2d 127 (2001); *People v Hall*, 396 Mich 650, 658; 242 NW2d 377 (1976); *People v Conat*, 238 Mich App 134, 147; 605 NW2d 49 (1999).

Defendant next argues that MCL 769.12 violates the Eighth Amendment because defendant's mandatory 25-year minimum sentence was cruel and unusual punishment. The Eighth Amendment of the United States Constitution prohibits the infliction of "cruel and unusual punishments." US Const, Am VIII. Similarly, the Michigan Constitution prohibits the infliction of "cruel or unusual punishment." Const 1963, art 1, § 16. To determine whether a punishment is cruel or unusual, this Court employs a three-part test: (1) it examines "the severity of the sentence imposed and the gravity of the offense," (2) it compares "the penalty to penalties for other crimes under Michigan law," and (3) it compares "Michigan's penalty and penalties imposed for the same offense in other states." *Benton*, 294 Mich App at 204.

Defendant has failed to show that the severity of the sentence imposed was disproportionate to the gravity of the offense. The offense here, assault with intent to do great bodily harm, was a grave offense. In fact, in accordance with MCL 769.12(6)(c), assault with

intent to do great bodily harm is defined as a "serious crime." The evidence at trial showed that defendant intentionally concealed two knives and stabbed the victim in the back of the head and chest so hard that the handles broke off the knives. Defendant argues that had he been a first offender, his maximum sentence would have been 10 years and his minimum would have been no longer than 6.6 years. Defendant is not, however, a first-time offender, so that argument is irrelevant. Defendant also concedes in his brief on appeal that he has "serious offenses in his past." Overall, defendant's criminal record establishes a pattern of disregard for others and the law. Therefore, defendant has not presented any evidence to indicate his 25-year minimum sentence was disproportionate to his offense.

Defendant has also failed to compare his sentence to penalties for other crimes under Michigan law. Instead, defendant merely compares his sentence to the sentence he may have received had he not been a fourth-offense habitual offender. Similarly, defendant has not met the third prong because he failed to compare his sentence with penalties imposed for similar crimes in other states. Although defendant does argue that the "three strikes" law in California and other states has been unsuccessful, this is a political argument for the Legislature to address and not a legal issue for this Court. See *King v R G Indus, Inc*, 182 Mich App 343, 345; 451 NW2d 874 (1990). Accordingly, defendant has not shown that his sentence was unconstitutionally long.

*Defendant Did Not Receive Ineffective Assistance of Counsel.* Finally, defendant asserts that he received ineffective assistance of counsel. He argues that his counsel failed to interview his boyfriend's son and call him as a witness to corroborate defendant's theory that he was innocent because he was protecting the boy.

Under Michigan law, a person can use deadly force against another, without the duty to retreat, when that person "honestly and reasonably believes" that such force "is necessary to prevent the imminent death of or imminent great bodily harm to" another individual. MCL 780.972(1)(a). Force less than deadly force can be used to protect another "from the imminent unlawful use of force by another individual." MCL 780.972(2). Because defendant failed to move for a new trial or an evidentiary hearing, this Court's review of his ineffective assistance of counsel claim is limited to errors apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

Here, defendant did not have a valid defense-of-others claim. There is nothing in the record that supports that defendant honestly and reasonably believed that it was necessary to stab the victim in order to prevent imminent great bodily harm to the boy. In fact, the boy was inside his father's home at the time of the stabbing. Thus, the fact that defendant's trial counsel declined to call the boy as a witness did not deprive defendant of a substantial defense. See *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

Affirmed.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle